**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                   CASE NO: 8:03-CR-343-T-30EAJ

GEORGE PEARSON, JR.

_____/

**ORDER**

THIS CAUSE comes before the Court upon Pearson's Motion to Reduce Sentence (Dkt. #276). Pearson files his motion pursuant to 18 U.S.C. § 3582(c)(2).[1] He contends that the Court should "overlook" the twenty-year statutory minimum mandatory sentence imposed at sentencing,[2] and resentence him to a guideline sentence of 87 months based on Amendment 750 to the U.S. Sentencing Guidelines[3] and the Fair Sentencing Act of 2010 ("FSA").[4] Pearson's arguments lack merit.

The FSA, which became effective on August 3, 2010, does not authorize a reduction of Pearson's sentence because the FSA does not apply retroactively to his 2004 sentence.

---

[1] § 3582(c)(2) allows a district court to reduce a defendant's term of imprisonment after sentencing "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . . [T]he court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

[2] Petitioner was sentenced to the statutory minimum pursuant to 21 U.S.C. § 841(b)(1).

[3] "Amendment 750 reduced the base offense level for crack cocaine offenses[.]" *United States v. Jules*, 2013 U.S. App. LEXIS 6858, at \*2 (11th Cir. Apr. 5, 2013) (unpublished).

[4] The FSA reduces the disparity in sentencing between crack cocaine and powder cocaine offenses.

*United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (FSA does not apply retroactively to defendants sentenced prior to the FSA's enactment). Amendment 750 is inapplicable because Pearson's sentence is based on the statutory mandatory minimum under 21 U.S.C. § 841(b)(1). *See United States v. Hippolyte*, 712 F.3d 535, 540 (11th Cir. 2013) ("[W]hen a defendant's sentence is based on a statutory minimum under 21 U.S.C. § 841(b)(1) that is above the applicable guideline range, Amendment 750 does not lower that guidelines sentence, and the defendant is not eligible for a § 3582(c)(2) reduction.") (citing *Berry*, 701 F.3d at 376). Consequently, Pearson is not entitled to resentencing under § 3582(c)(2).

It is therefore **ORDERED AND ADJUDGED** that Pearson's Motion to Reduce Sentence (Dkt. #276) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: George Pearson, Jr., *pro se*
       Counsel of Record